UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANISHA M. GEORGES | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Tanisha M. Georges, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Tanisha M. Georges, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an office in this District.

### III. PARTIES

4. Plaintiff, Tanisha M. Georges, is an adult natural person with a mailing address of P.O. Box 9960357, Riverdale, GA 30296.

5. Defendant, Midland Credit Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Georgia and the Commonwealth of Pennsylvania with a principal place of business located at 8875 Aero Drive, Suite 200, San Diego CA 92123 and a mailing address of P.O. Box 603, Oaks PA 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or about the beginning of 2006, Plaintiff was contacted by NCO Financial Systems, Inc. ("NCO") in regards to an attempt to collect an alleged consumer debt, namely a Universal Bank credit card d/b/a AT&T Universal card issued by Citibank South Dakota, NA.

8. Plaintiff avers the alleged debt is not her debt.

9. Plaintiff disputed said debt by way of a certified letter sent to NCO on March 20, 2006. See copy of said letter and certified receipt appended hereto and marked "**EXHIBIT A**".

10. NCO deleted the trade line it had placed on Plaintiff's credit report regarding the alleged debt.

11. Additionally, Plaintiff sent a letter to Citibank South Dakota, NA disputing said debt by way of certified mail on March 20, 2006. See copy of said letter and certified receipt appended hereto and marked "**EXHIBIT B**".

12. Subsequently, Plaintiff received an initial collection letter from the Law Office of Ross Gelfand, LLC ("Gelfand") dated April 24, 2006 regarding the alleged debt. See copy of collection letter appended hereto and marked "**EXHIBIT C**".

13. Plaintiff disputed said debt by way of a certified letter sent to Gelfand on May 22, 2006. See copy of said letter and certified receipt appended hereto and marked "**EXHIBIT D**".

14. Gelfand did not respond; however, the trade line placed on Plaintiff's credit report by Gelfand was removed.

15. Plaintiff followed up with a second certified dispute letter dated July 12, 2006. See copy of said letter and certified receipt appended hereto and marked "**EXHIBIT E**".

16. Gelfand did not respond.

17. Subsequently, Plaintiff was served a Summons and Complaint in regards to the alleged debt. See copy of the Summons and Complaint appended hereto and marked "**EXHIBIT F**".

18. On or about August 23, 2006, Plaintiff answered the Complaint, disputing the alleged debt. See copy of answer appended hereto and marked "**EXHIBIT G**".

19. Gelfand did not respond. Gelfand failed to appear in DeKalb County court with validation of the alleged debt.

20. On or about February 7, 2007, the civil claim, which had been filed against Plaintiff in regards to the alleged debt, was dismissed by DeKalb County court. See printout of DeKalb County docket for Case ID 06A52441 (Citibank South Dakota, NA v. Tanisha M. Georges) appended hereto and marked "**EXHIBIT H**".

21. Subsequently, Plaintiff received an initial collection notice from Defendant dated March 14, 2009. See copy of collection notice appended hereto and marked "**EXHIBIT I**".

22. Defendant prefaced the first page of the collection notice with bold-face type stating **PRE-LEGAL REVIEW**.

23. Defendant's collection notice uses the mention of an attorney five (5) times.

24. Defendant's collection notice stated: "Midland Credit Management, Inc. is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt."

25. In bold-face type, Defendant's collection notice stated: "**What you need to do to stop this account from going to an attorney?**" and goes on to give Plaintiff two (2) choices. Both choices include paying Defendant.

26. In light of the foregoing paragraphs numbered seven (7) through twenty-five (25), Defendant's indication of intent to proceed with any type of legal action against

Plaintiff in regard to the alleged debt is a violation of the FDCPA. Notwithstanding the preceding statement, Defendant is not be permitted by law to continue collection attempts because the Plaintiff does not owe said debt.

27. In bold-face type Defendant's collection notice stated: "**We will notify the credit bureaus the debt is PAID IN FULL.**" By this statement, Defendant created the false impression that it will improve Plaintiff's credit, however since all trade lines regarding the alleged debt had been removed from Plaintiff's credit report, Defendant notification to the credit bureaus would only serve to have the opposite effect.

28. Defendant placed the Validation Rights Notice on the second page of the collection notice between two (2) statements completely unrelated to debt validation in any way. Furthermore, Defendant did not use bold-face type or any other method to cause said notice to stand out from its surroundings.

29. Defendant's collection notice, in its entirety, blatantly overshadows Plaintiff's right to validation of the alleged debt.

30. Additionally, Defendant stated on the second page of the collection notice that "The records associated with the purchase from Citibank reflect that you (Plaintiff) are obligated on this account".

31. The preceding statement is false in two (2) parts; In the first part, if Defendant had the full and accurate records associated with the account it had purchased from Citibank, it would be aware that they indicate that Plaintiff has successfully disputed the alleged debt on numerous occasions and therefore does not owe said debt. In the second part, due to Defendant's apparent lack of knowledge regarding the history of the alleged debt, namely that the Plaintiff repeatedly avers that said debt is not hers, it

is shown that Defendant cannot possibly be in receipt of the records associated with said account.

33. On or about April 1, 2009, Plaintiff responded to Defendant's collection notice with a certified dispute letter. See copy of letter and receipt appended hereto and marked "**EXHIBIT J**".

33. Subsequently and without response to Plaintiff's dispute, Defendant placed the negative account on Plaintiff's Experian credit report on April 19, 2009 and Equifax credit report on April 24, 2009 and identified it as "Collections". Defendant did not indicate that the alleged debt was in dispute. See copy of a credit alert that Plaintiff received through www.truecredit.com appended hereto and marked "**EXHIBIT K**".

34. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

35. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

36. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, d(2), e, e(2), e(5), e(7), e(8), e(10), f, f(1), g, and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Midland Credit Management, Inc., for the following:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b. Actual damages;

     c.      Statutory damages pursuant to 15 U.S.C. § 1692k;

     d.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

     e.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: June 24, 2009**    **BY:**    ***/s/ Brent F. Vullings***
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff